# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRED D. PARSON, JR., # 116201 | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-13-3478 |
| WARDEN OF WESTERN CORRECTIONAL INSTITUTION | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

Respondent, the Warden of the Roxbury Correctional Institution, by his counsel, requests dismissal of self-represented Petitioner Fred D. Parson, Jr.'s[1] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 for lack of jurisdiction and as untimely filed. A hearing is unnecessary, *See* Local Rule 105.6. (D. Md. 2011), and the Petition SHALL BE DISMISSED without prejudice for lack of jurisdiction.

On November 18, 2013, Petitioner filed the instant Petition challenging his 1969 conviction and sentence, in the Circuit Court for Baltimore City, Maryland, for first-degree murder. Petitioner has filed in this Court at least three prior habeas petitions challenging this conviction, two of which were denied on the merits.[2] (ECF No. 3, Exhibits 2 and 3).

---

[1] Division of Correction records list Petitioner's last name as "Parsons."

[2] Prior to enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), and codified at 28 U.S.C. § 2244(b), a court could grant relief on a second-or-successive petition, then known as an "abusive" petition, if the petitioner could show that "a fundamental miscarriage of justice would result from a failure to entertain the claim." *McQuiggin v Perkins*, 133 S. Ct. 1924, 1934 (2013) (quoting *McCleskey v. Zant*, 499 U.S.467, 495 (1991)). AEDPA restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Without pre-filing authorization from the appropriate court of appeals, district courts generally lack "jurisdiction to

Under these facts, the instant petition is successive. As such, it may not be considered by this Court unless Petitioner has first obtained pre-filing authorization from the United States Court of Appeals for the Fourth Circuit as provided under 28 U.S.C. § 2244(b). Petitioner provides no evidence he has obtained prior approval to file this successive petition, and this case will be dismissed without prejudice for lack of jurisdiction.[3] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). A separate Order follows.

1/7/14
Date

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

consider an application containing abusive or repetitive claims." *U.S. v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

[3] In light of this determination, this Court need not reach the issue whether the Petition is timely filed.